UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID FIFE,

            Petitioner,

-vs-                                                    Case No.  8:11-CV-2135-T-17AEP

STATE OF FLORIDA and ATTORNEY
GENERAL, STATE OF FLORIDA,

            Respondents.
_____

**ORDER**

David Fife petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Fife challenges his 1999 conviction entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida.

Petition Is Time-Barred

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Fife states that his judgment of conviction was entered on August 25, 1999, after he pled guilty to DUI manslaughter; driving while license suspended, DUI for alcoholic beverage or other substance; DUI for alcohol and controlled substance; and leaving the scene of an accident including property damage. He did not file a direct appeal. Therefore, the one-year limitation period began to run on September 25, 1999, and Fife had until September 25, 2000, to file a timely federal habeas corpus petition or a state collateral proceeding that would toll the running of the one-year period. Fife did neither. Therefore, the present federal petition, signed and filed in 2011, is time-barred.

Fife has not shown that any extraordinary circumstances requires the tolling of the one-year period. Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period. *See Felder v. Johnson,* 204 F.3d 168, 172–73 & n. 10 (5th Cir. 2000) (citing cases), *cert. denied*, 531 U.S. 1035 (2000) (holding that ignorance of law and pro se status are insufficient to toll statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.1999); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir.1993) (holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir.1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir.1991) (holding equitable tolling of limitations period within the Age Discrimination in Employment Act was not warranted

by plaintiff's unfamiliarity with legal process, his lack of representation, or his ignorance of his legal rights).

Accordingly, the Court orders:

That Fife's petition for writ of habeas corpus is dismissed as time-barred. If Fife can provide, within 30 days of the date this case is dismissed, **record evidence** demonstrating that he is entitled to equitable tolling, the Court will reopen this case. The Clerk is directed to close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 27, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

David Fife